## INDUSTRIAL GAS CO v BURRIER

Ohio Appeals, 6th Dist, Lucas Co

No 2646.   Decided March 28, 1932

Kirkbride, Boesel, Frease & Cole, Toledo, for plaintiff in error.

Meck & Meck, Toledo, for defendant in error.

## LLOYD, J.

The record contains no evidence as to how many days Burrier used his automobile in the service of plaintiff in error during the period of his employment and if, in fact, the agreement was as stated by Burrier, that he was to receive the same wages as in 1929, and that, as some of the evidence indicates, $1.50 of his salary was for the use of his automobile, he would be entitled to be paid therefor only for the number of days his automobile was used in the service of the plaintiff in error, and the burden of proving the number of days it was so used rested upon Burrier. The court charged the jury that any verdict returned in favor of Burrier must be in the sum of $678.70, the exact amount claimed by Burrier, and submitted to the jury a form of verdict in accordance with this instruction. Thereby the jury was deprived of the right to consider the evidence relating to the per diem amount to be paid for the use of Burrier's automobile which, if believed by the jury, would substantially reduce the amount of recovery, there being no evidence as to how many days the automobile was used in the business of plaintiff in error. This instruction was palpably prejudicial error.

Questions were asked of certain witnesses as to the financial condition of plaintiff in error at the time of the making of the alleged contract. The court would not permit them to be answered, and this action of the court is also alleged as error. But this question is not presented to this court, for consideration, for the reason that no offer to prove was made.

From what has been said it is apparent also that the judgment if manifestly against the weight of the evidence.

The foregoing are the only errors presented to us in brief or argument of counsel. For the reasons given the judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

RICHARDS and WILLIAMS, JJ, concur.

RICHARDS, J, concurring. I concur in the judgment of reversal and in what is said by Judge Lloyd in the opinion, but I think that in addition to those matters it was prejudicial error for the trial judge to insert in the verdict for the plaintiff the precise amount to be returned by the jury, if it found, for the plaintiff. In doing so the trial judge overlooked the fact that the jury might find the contract was as claimed by the president of the company and also find that the company had not paid all it should have paid under the terms of the contract and if it so found the jury could have returned a verdict for whatever balance, if any, remained unpaid.